**FILED**

JAN 27 2009

Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| EDGAR SEARCY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 09 0148 |
| UNITED STATES, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the Court for consideration of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The Court will grant the application, and dismiss the complaint.

Plaintiff, a federal prisoner now incarcerated at the Federal Correctional Institution in Petersburg, Virginia, alleges that he "is a member of a class of individuals who owns property . . . purchased with Funds under the control of the Department of the Treasury." Compl. at 1 (page numbers designated by the Court). He states that defendant prevents the property owners from using items (such as washers, dryers, food, televisions, and compact disc players) purchased with trust funds by requiring the owners to pay for their use or by giving the items away. *Id.* at 2. Plaintiff demands "[j]ust compensation [u]nder the Fifth Amendment for the Private property at issue in this case," and that the United States "return the property or place the monies back into the Trust Fund for the property that is being denied access to." *Id.* at 3-4.

Insofar as plaintiff demands damages from the federal government, the doctrine of sovereign immunity bars such a claim absent an express waiver of immunity. *See United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992); *Flatow v. Islamic Republic of Iran*, 74 F.Supp.2d 18, 20-21 (D.D.C. 1999). If plaintiff is proceeding under the Federal Tort Claims Act, *see* 28 U.S.C. § 2671 *et seq.*, although this Act waives sovereign immunity under certain circumstances, it does not waive immunity for alleged violations of constitutional rights. "[T]he United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims." *Fed. Deposit Ins. Co. v. Meyer*, 510 U.S. 471, 478 (1994); *see Zakiya v. United States*, 267 F.Supp. 2d 47, 56 (D.D.C. 2003) (dismissing prisoner's claims of alleged deprivation of constitutional rights).

For these reasons, the Court will dismiss the complaint because plaintiff seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915A(b)(2). An Order consistent with this Memorandum Opinion is issued separately.

_____
United States District Judge

Date: Jan 8, 2009